UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MANU PATEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:06CV 494 CEJ (LMB) |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the petition of Manu Patel for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b).

Respondent has filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted (Document Number 5). Petitioner has filed a Reply. (Doc. No. 9).

### Procedural History

Petitioner is presently incarcerated at the Jefferson City Correctional Center, in Jefferson City, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri. See Respondent's Exhibit A at 290-93. Petitioner was found guilty after a jury trial of three counts of assault in the first degree and three counts of armed criminal action. See id. The court sentenced petitioner to consecutive terms of twenty, five, and seven years imprisonment for the assault convictions, and concurrent terms of five, three, and five years imprisonment for the

armed criminal action convictions. See id.

Petitioner raised three points on direct appeal of his convictions. See Respt's Ex. C. Petitioner first argued that the trial court erred in admitting into evidence the post-arrest hearsay confession of Alondo Andre to bolster Mr. Andre's trial testimony. See id. at 12. Petitioner also argued that the trial court erred in refusing to instruct the jury on lesser included offenses. See id. at 13. Petitioner finally argued that the trial court erred in overruling petitioner's objection to the prosecutor during rebuttal summation calling petitioner a liar. See id. at 14. On March 7, 2000, the Missouri Court of Appeals for the Eastern District affirmed petitioner's convictions in an unpublished memorandum opinion. See Respt's Ex. F.

On October 12, 2000, petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence of the Circuit Court of St. Louis County pursuant to Missouri Supreme Court Rule 29.15. See Respt's Ex. G at 5-12. After appointment of counsel, petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment or Sentence. See id. at 13-32. In this motion, petitioner raised the following claims: (1) the state violated its duty under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in failing to fully disclose its complete bargain with Alondo Andre; (2) petitioner was denied his right to effective assistance of counsel when defense counsel opened the door to the admission of Alondo Andre's prior consistent, post-arrest statements; (3) petitioner was denied his right to effective assistance of counsel when defense counsel failed to discover impeachment evidence to further impeach Alondo Andre; (4) petitioner was denied his right to effective assistance of counsel when defense counsel failed to object to improper statements made by the prosecutor during closing argument; and (5) petitioner was denied his right to effective assistance of counsel when defense counsel failed to

review the testimony of victim Agnika Patel given at co-defendant Lawrence Bradley's trial. See id. On May 21, 2002, the motion court denied petitioner's motion for post-conviction relief without an evidentiary hearing. See id. at 58-66. Petitioner timely filed a notice of appeal from the denial of post-conviction relief. See id. at 67.

Petitioner raised two points on appeal from the denial of post-conviction relief. See Respt's Ex. H. Petitioner first argued that the state failed to reveal the full extent of its plea bargain with Alondo Andre in violation of petitioner's Brady rights. See id. at 9. Petitioner next argued that he was denied effective assistance of counsel when trial counsel opened the door to the admission of Alondo Andre's post-arrest statements implicating petitioner. See id. at 11. On April 15, 2003, the Missouri Court of Appeals for the Eastern District affirmed the motion court's decision, with the exception of the denial of petitioner's Brady claim. See Respt's Ex. K. The Court reversed and remanded for an evidentiary hearing on petitioner's Brady claim. See id.

On remand, the motion court held an evidentiary hearing with regard to petitioner's Brady claim. See Respt's Ex. N. On March 17, 2004, the motion court denied petitioner's Brady claim. See Respt's Ex. L at 37-42. The Missouri Court of Appeals for the Eastern District affirmed the motion court's decision on February 22, 2005. See Respt's Ex. R.

Petitioner filed two motions for rehearing or transfer to the Supreme Court of Missouri. The last motion was denied on May 31, 2005. See Petition at 17-18.

On March 21, 2006, petitioner filed the instant petition for a writ of habeas corpus, raising two grounds for relief. (Doc. No. 1). Petitioner first argues that the State violated Brady in failing to disclose to the defense the full extent of its agreement with its primary witness, Alondo Andre. See id. Petitioner also argues that he was deprived of his right to effective assistance of

counsel when trial counsel, after obtaining a favorable ruling from the trial court prohibiting the State from referring to or eliciting testimony regarding Alondo Andre's post-arrest statements implicating petitioner, opened the door for the admission of these statements through his questioning of Mr. Andre. See id. In his Response, respondent argues that petitioner's grounds for relief are meritless. (Doc. No. 5). Petitioner filed a Reply, in which he provides further argument in support of his grounds for relief. (Doc. No. 9).

## Facts[1]

The facts viewed in the light most favorable to the verdict are that petitioner paid Alondo Andre to kill Peter Patel and his wife Agnika Patel. In furtherance of this plan, Mr. Andre fired shots at three different people on three different occasions, hitting and seriously wounding Peter and Agnika Patel. Immediately after his arrest, Mr. Andre gave a statement consistent with his trial testimony that petitioner had paid him to kill Peter and Agnika Patel. The post-arrest statement was admitted into evidence to rehabilitate Mr. Andre after defense counsel suggested on cross-examination that Mr. Andre had recently fabricated his trial testimony.

## Discussion

### A.     Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

---

[1] The court's summary of the facts is taken from the opinion of the Missouri Court of Appeals affirming petitioner's convictions and sentence. Respt's Ex. E at 2-5.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 405, 120 S. Ct. at 1519. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." <u>Id.</u> Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Id.</u> at 410, 120 S. Ct. at 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." <u>Id.</u> at 410, 120 S. Ct. at 1522.

**B.    Petitioner's Claims**

As discussed above, petitioner has raised two grounds for relief. The undersigned will discuss each ground for relief in turn.

### 1. Ground One

In his first ground for relief, petitioner claims that the State violated its duty under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in failing to disclose to the defense the full extent of its agreement with its primary witness, Alondo Andre. Specifically, petitioner argues that the State agreed to recommend that the sentence imposed in an unrelated probation revocation case run concurrent with the sentence to be imposed for Mr. Andre's actions in this case. Petitioner contends that this information was favorable impeachment evidence and that there is a reasonable probability that, had the information been disclosed, the result of the proceeding would have been different.

Petitioner raised this claim in his post-conviction relief motion and on appeal from the denial of post-conviction relief. After conducting an evidentiary hearing on this claim on remand, the motion court denied petitioner's claim. See Respt's Ex. L at 37-44.

The motion court made the following findings of fact and conclusions of law: On September 4, 1996, Mr. Andre pleaded guilty to tampering in the first degree and received a suspended imposition of sentence and five years probation. Mr. Andre pleaded guilty on December 4, 1997 in cause number 96CR-6262A, a case that involved the charges in the present case. As part of the plea agreement, he agreed to testify against petitioner in exchange for a twenty-year sentence. Mr. Andre's sentencing was deferred until after he testified in petitioner's case. On June 15, 1998, Mr. Andre waived a probation revocation hearing on the tampering charge, cause number 96CR-1621, and was sentenced to seven years imprisonment, which was to be concurrent with the twenty-year sentence in cause number 96CR-6262A. Mr. Andre testified in the present case in October of 1998.

He was sentenced to twenty years imprisonment in case number 96CR-6262A on November 6, 1998, at which time no mention was made of the seven-year concurrent sentence from the tampering charge. The evidence adduced through the testimony of Assistant Prosecuting Attorney Edward McSweeney, who represented the State at the revocation hearing, established that the recommendation of seven years was made only in exchange for Mr. Andre's probation revocation hearing waiver and not in exchange for his testimony in petitioner's case. The testimony of Mr. Andre's counsel, Nanci Ferrick, established that her understanding of the probation revocation bargain she negotiated with Mr. McSweeney did not obligate Mr. Andre to testify on behalf of the State in petitioner's case.

The motion court held that any mention at trial of a deal with Mr. Andre for testimony as part of his probation revocation bargain would have been properly excluded by the trial court pursuant to a motion in limine by the State because by the time Mr. Andre testified in petitioner's case, he was beyond the point of jeopardy for his sentence for the probation revocation. The court further found that petitioner's allegation that there was an agreement between the State and Mr. Andre as part of his revocation to testify in petitioner's case was conclusively refuted by the transcript and by the evidence adduced at the evidentiary hearing. The court concluded that petitioner was not denied any rights under the provisions of the Missouri Constitution or the United States Constitution.

The Missouri Court of Appeals affirmed the decision of the motion court. See Respt's Ex. R. The Court first held that the evidence regarding the probation revocation sentence did not constitute impeaching evidence. The Court explained that Mr. Andre lacked an incentive to lie in petitioner's case in hopes of favorable treatment in his probation revocation case because sentencing in that matter had not been deferred. The Court further held that the evidence did not establish that

petitioner was prejudiced by the State's failure to disclose the probation revocation sentence as trial counsel attacked Mr. Andre's credibility thoroughly at trial.

The determination of the Missouri Court of Appeals is not contrary to or an unreasonable application of clearly established federal law. The United States Supreme Court has clearly delineated the standard for establishing a due process violation based on the prosecutor's failure to disclose evidence material to the defense. A Brady violation occurs where (1) the prosecutor suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the issue of guilt or punishment. Brady, 373 U.S. at 87, 83 S.Ct. 1196-97; United States v. Walrath, 324 F.3d 966, 969 (8th Cir. 2003). To obtain habeas relief on a Brady claim, a petitioner must show "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 681, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985). A reasonable probability of a different outcome exists where the failure to disclose the evidence "undermines confidence in the outcome of the trial." Id. at 678. "A conviction will stand where a Brady violation was not prejudicial and amounts to harmless error." Walrath, 324 F.3d at 969.

The Missouri Court of Appeals properly applied the law set forth in Brady v. Maryland and United States v. Bagley to conclude that no Brady violation occurred. First, the Court properly found that the probation revocation sentence was not impeaching evidence. The evidence adduced at the evidentiary hearing revealed that the seven-year sentence for the probation revocation was made only in exchange for Mr. Andre's probation revocation waiver and not in exchange for his testimony in petitioner's case. Specifically, Mr. McSweeney testified that the probation revocation recommendation was made solely for the waiver of the probation revocation hearing and that, had

his recommendation been in exchange for Mr. Andre's testimony, he would have asked the probation court to defer sentencing until after Mr. Andre had testified in petitioner's case. Respt's Ex. N at 57-58. Ms. Ferrick testified that even if Mr. Andre had not testified in petitioner's case, the State would not have prevailed in requesting that the seven-year concurrent sentence be set aside. See id. at 26. The Court also noted that, even if the probation revocation sentence were part of Mr. Andre's plea agreement, it would have been excluded by the State in that by the time Mr. Andre testified in petitioner's case, he was beyond the point of jeopardy for his sentence for the probation revocation.

The Court then properly found that petitioner was unable to demonstrate prejudice as a result of the State's failure to disclose the probation revocation sentence. Petitioner claims that the failure of the State to disclose the probation revocation sentence was prejudicial because Mr. Andre's credibility was the main issue in this case. Petitioner contends that, given the fact that the jury deliberated for nearly sixteen hours before returning guilty verdicts, the disclosure of the full extent of Mr. Andre's bargain with the State undermines confidence in the verdict. A review of the record, however, supports the Court's finding that defense counsel attacked Mr. Andre's credibility thoroughly. Trial counsel spent a significant amount of time focusing the jury's attention on Mr. Andre's criminal history and the fact that Mr. Andre had entered into a generous plea agreement with the State in exchange for his testimony in petitioner's case. See Respt's Ex. B, Vol. II at 384-86, 394-95; Respt's Ex. B, Vol III at 410-11, 423-28. Defense counsel specifically pointed out that Mr. Andre pleaded guilty to six felony offenses, all to run concurrently, for which he would receive a total of no more than twenty years imprisonment. See id. There is no reasonable probability the result would have been different had the additional seven-year concurrent sentence in an unrelated matter been disclosed.

Accordingly, the undersigned recommends that petitioner's first ground for relief be denied.

2.  **Ground Two**

In his second ground for relief, petitioner argues that he was deprived of his right to effective assistance of counsel when trial counsel, after obtaining a favorable ruling from the trial court prohibiting the State from referring to or eliciting testimony regarding Alondo Andre's post-arrest statements implicating petitioner, opened the door for the admission of these statements through his questioning of Mr. Andre.

The following colloquy occurred during defense counsel's cross-examination of Mr. Andre:

[DEFENSE COUNSEL]: Now, as I understand your testimony, you were arrested on September 26, 1996; is that correct?
[MR. ANDRE]: Yes, sir.
[DEFENSE COUNSEL]: And, you have been in custody ever since that time?
[MR. ANDRE]: Yes, sir.
[DEFENSE COUNSEL]: So, since September of '96, that would give you all of '97, and almost all of '98, before you came before this Jury and gave your statement today; correct?
[MR. ANDRE]: Yes, sir.
[DEFENSE COUNSEL]: You had a lot of time to practice your testimony that you were going to give the Jury. Just a few minutes before you walked on the stand were you going over the testimony that you were going to tell this Jury just a few minutes ago?
[MR. ANDRE]: Yes, sir.
[DEFENSE COUNSEL]: How much time did you spend at that time doing the statement you were going to tell the Jury about Manu?
[MR. ANDRE]: About five minutes.
[DEFENSE COUNSEL]: How long did you talk to [prosecuting attorney] before you testified    before the Jury?
[MR. ANDRE]: I would say about five minutes.
[DEFENSE COUNSEL]: Five minutes. You saw me sitting out there watching you; didn't you?
[MR. ANDRE]: No.
[DEFENSE COUNSEL]: Lot longer than five minutes-
[PROSECUTOR]: Argumentative.
THE COURT: Sustained.
[DEFENSE COUNSEL]: Now, before that period of time, have you had an opportunity to talk to the prosecutor or his investigator and your attorney to go over your testimony in which this deal was made?

> [MR. ANDRE]: The last time.
> [DEFENSE COUNSEL]: Have you, in turn, gone over the exact testimony that you gave today either with your attorney, or with the prosecutor, or with Miss Kim Duncan?
> [MR. ANDRE]: I went over it with the prosecutor and my lawyer.
> [DEFENSE COUNSEL]: All right. And, then, in January--specifically January 3rd--you went over the testimony prior to the time that you testified against Bradley in the same case in the same courtroom; didn't you?
> [MR. ANDRE]: Yes.

Respt's Ex. B, Vol. II at 382-84. The trial court found that defense counsel's cross-examination opened the door for the prosecutor to admit evidence of Mr. Andre's prior, post-arrest statement to the police, in which he implicated petitioner in the shootings. See Respt's Ex. B, Vol. III at 417-18. The prosecutor then elicited testimony from Mr. Andre regarding his prior consistent statements during his redirect examination of Mr. Andre. See id. at 419-23.

Petitioner raised this claim in his post-conviction relief motion and on appeal from the denial of post-conviction relief. The motion court held as follows:

> 16. The Court finds the statement (State's Exhibit No. 27) to be cumulative of Andre's testimony presented at trial.
> 17. The Court also concludes trial counsel was aware of the issue since he had filed and successfully argued a Motion in Limine before the trial commenced. The court also concludes from the record that part of counsel's trial strategy was to conduct a vigorous cross-examination of the witness and attempt to damage his credibility. Movant's counsel took a calculated risk during his cross-examination and argued to the Court that he had not asked anything that implied recent fabrication by the witness. The Court in its discretion ruled that trial counsel had.
> 18. The transcript of the trial reflects that even after the Court's ruling trial counsel continued with his strategy of attacking Andre's credibility by asking Andre "If you did get caught, you had a pretty good story lined up even back then. This little Indian set you up?" Tr. 425. Trial counsel again asked Andre in recross-examination if "You didn't think you would tell the police that to get a deal by the prosecutor; did you?" Tr. 425.
> 19. The Court finds no prejudice to Movant because the Court's ruling did not preclude trial counsel from effectively pursuing his trial strategy of attacking the credibility of the witness

See Respt's Ex. G at 62. The Missouri Court of Appeals affirmed the decision of the motion court

without discussion.  See Respt's Ex. K at 6.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and additionally, the petitioner must show that he was prejudiced by his attorney's action or inaction.  See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  A petitioner must show that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment." Id.  "Prejudice" is shown by a petitioner when it is demonstrated that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.  Id. at 694, 104 S. Ct. 2068.  A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome.  Id.  The petitioner must not only assert prejudice, but must affirmatively prove that prejudice was present.  See id. at 693, 104 S. Ct. 2067.

The decision of the state courts is not contrary to or an unreasonable application of clearly established federal law. The motion court properly applied Strickland and determined that petitioner was unable to establish that defense counsel provided constitutionally ineffective assistance. The court first noted that defense counsel's trial strategy was to conduct a vigorous cross-examination of the witness and attempt to damage his credibility.  The court concluded that defense counsel took a "calculated risk" during his cross-examination that his questioning of Mr. Andre would be construed as suggesting recent fabrication.  Respt's Ex. G at 62.  This finding is supported by the record.  Mr. Andre's testimony was essential in establishing the State's murder-for-hire case.  Defense counsel sought to impeach Mr. Andre's credibility extensively with evidence of Mr. Andre's plea agreement with the State in exchange for testimony.  In doing so, defense counsel risked that his questioning of

Mr. Andre would be construed as implying recent fabrication and would open the door to Mr. Andre's prior consistent statement. Petitioner has not demonstrated that defense counsel's questioning of Mr. Andre was an error so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.

Petitioner is also unable to demonstrate prejudice. Mr. Andre's statement to police that was elicited by the prosecutor on recross examination was merely cumulative of the testimony Mr. Andre had already presented at trial. Further, as the motion court noted, after Mr. Andre's post-arrest statements were admitted, defense counsel was able to continue with his strategy of attacking Mr. Andre's credibility. Specifically, defense counsel implied that Mr. Andre had fabricated his story prior to speaking with police. See Respt's Ex. B, Vol. III at 425-29. As such, petitioner has not demonstrated a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

Accordingly, the undersigned recommends that petitioner's second ground for relief be denied.

## C. **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his petition

are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no certificate of appealability be issued.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the petition of Manu Patel for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no certificate of appealability be issued.

The parties are advised they have eleven (11) days, until March 10, 2009, in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this   27th   day of February, 2009.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE