UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MANU PATEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:06-CV-494 (CEJ) |
| | ) |
| DAVE DORMIRE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's objections to the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). On February 27, 2009, Judge Blanton issued a Report and Recommendation, recommending that the petition of Manu Patel for habeas corpus relief be denied. Petitioner has filed objections to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court makes the following *de novo* determination of the portions of the report and the specified findings or recommendations to which objection is made.

I.  **Background**

On October 31, 1998, a jury convicted petitioner of three counts of assault in the first degree and three counts of armed criminal action. The charges arose from repeated attempts to shoot Peter Patel and his wife Agnika Patel by several individuals hired by petitioner.[1] Testimony indicated that petitioner wanted to

---

[1] Because petitioner shares a last name with the victims, the Court will refer to the victims as "Peter" and "Agnika" rather than Mr. Patel and Mrs. Patel, to avoid confusion. Peter and Agnika are not related to petitioner.

shoot Peter in retaliation for Peter's alleged rape of petitioner's wife. During the shooting attempts, Peter's nephew was nearly shot. Both Peter and Agnika were shot multiple times but survived. For the assault convictions, petitioner was sentenced to consecutive terms of twenty, five, and seven years' imprisonment. For the armed criminal action convictions, petitioner was sentenced to concurrent terms of five, three, and five years' imprisonment.

On March 7, 2000, the Missouri Court of Appeals affirmed petitioner's convictions and sentences. Petitioner then filed a pro se motion for state post-conviction relief. Following the appointment of counsel, petitioner filed an amended motion for relief. The Circuit Court denied the motion without holding an evidentiary hearing. The Missouri Court of Appeals affirmed the Circuit Court's decision in part, but reversed with respect to petitioner's <u>Brady</u> claim, which the Court of Appeals found warranted a hearing. Following an evidentiary hearing, the Circuit Court denied petitioner's <u>Brady</u> claim. This denial was affirmed by the Missouri Court of Appeals on February 22, 2005. Petitioner filed two motions for rehearing or transfer to the Supreme Court of Missouri. The last motion was denied on May 31, 2005. Petitioner filed this federal habeas action on March 21, 2006.

Petitioner makes two claims: (1) the prosecution failed to disclose material favorable evidence to the defense in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); and (2) ineffective assistance of counsel where trial counsel "unreasonably and prejudicially opened the door" for the admission of a witness's prior consistent statements implicating petitioner. In addition, petitioner objects to Judge

Blanton's denial of his request for an evidentiary hearing on his ineffective assistance of counsel claim.

II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus cannot be granted unless: (1) the state decision was either contrary to, or involved an unreasonable application of, clearly established federal law; or (2) the state decision was an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

"[A]n unreasonable application of federal law is different from an incorrect application of federal law." Williams v. Taylor, 529 U.S. 362, 410 (2000). "Congress specifically used the word 'unreasonable', and not a term like 'erroneous' or 'incorrect'. Id. at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. Instead, "that application must be unreasonable." Id.

A. State's Obligation under Brady

In his first claim for relief, petitioner contends that the prosecution violated its duty under Brady v. Maryland, 373 U.S. 83 (1963), in failing to disclose to the defense the full extent of its agreement with its primary witness, Alondo Andre. Mr. Andre was identified as one of the individuals who shot Peter and Agnika. Upon his arrest, Mr. Andre told police that he was hired by petitioner to kill Peter and Agnika. Mr. Andre attempted to carry out petitioner's plan by shooting Peter on June 5, 1996 while Peter was behind the cash register of his liquor store. He

also confessed that, on September 23, 1996, he tried a second time by shooting through the store window at a man he believed to be Peter, but who turned out to be Peter's nephew. Finally, Mr. Andre confessed that he shot Agnika on September 26, 2006. Mr. Andre agreed to testify against his co-defendants, including petitioner, in exchange for a lighter sentence for the charges brought in this case. Petitioner was aware of this agreement.

However, petitioner contends that the State also agreed to recommend that Mr. Andre's sentence in an unrelated probation revocation case run concurrently with whatever sentence Mr. Andre would later receive for his actions in this case. Petitioner claims that this information was favorable impeachment evidence that should have been disclosed. The Missouri Court of Appeals rejected this claim, finding that Mr. Andre's probation revocation sentence was not impeaching evidence required to be disclosed under Brady. Instead, the Missouri Court of Appeals found that, based on evidence adduced at the evidentiary hearing, the seven-year sentence imposed for the probation revocation was made only in exchange for Mr. Andre's probation revocation waiver and not in exchange for his testimony in petitioner's case. Finally, the Missouri Court of Appeals held that, even if the probation revocation sentence were part of Mr. Andre's plea deal in this case, it would have been properly excluded, because at the time Mr. Andre testified against petitioner, he was beyond the point of jeopardy for his probation revocation sentence.

The Court agrees with the magistrate judge that the state court's analysis of petitioner's Brady claim was not contrary to, or involve an unreasonable

application of, clearly established federal law. "To establish a violation of Brady, a defendant must show that: (1) the prosecution suppressed evidence, (2) the evidence was favorable to the accused, and (3) the evidence was material." Dye v. Stender, 208 F.3d 662, 665 (8th Cir. 2000). Petitioner cannot meet this burden. At the evidentiary hearing, testimony from Edward McSweeney, the prosecutor who represented the State at the revocation hearing, showed that the recommendation of a seven-year concurrent sentence was made solely in exchange for Mr. Andre's waiver of a probation revocation hearing and had nothing to do with Mr. Andre's testimony against petitioner. Indeed, Mr. Andre was already obligated at that time to testify truthfully against petitioner based on his plea agreement in this case. As the magistrate judge found, the Missouri Court of Appeals' determination that petitioner's probation revocation sentence did not constitute impeaching evidence is not contrary to, or an unreasonable application of, clearly established federal law. The Court is not persuaded by petitioner's objections to the contrary. Petitioner's Brady claim is denied.[2]

### B. Ineffective Assistance of Counsel

Petitioner's second claim is that trial counsel was ineffective in "opening the door" for the admission of statements made by Mr. Andre following his arrest, implicating petitioner. To prevail on an ineffective assistance of counsel claim,

---

[2]Further, the magistrate judge properly found that petitioner was unable to demonstrate prejudice as a result of the State's failure to disclose the probation revocation sentence. Trial counsel extensively attacked Mr. Andre's credibility based on a number of issues, including Mr. Andre's plea agreement in this case. The Court does not believe there is a reasonable probability that the result of petitioner's trial would have differed had Mr. Andre's probation revocation sentence been disclosed.

petitioner must show both error and prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish error, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In other words, "counsel's representation [must fall] below an objective standard of reasonableness." Id. at 688. Because it is very easy to judge trial decisions differently in hindsight, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Indeed, petitioner has the burden to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal citations omitted). Even if petitioner is successful in establishing counsel error, he must also show "that because of counsel's error, there is a reasonable probability that the result of the proceedings would have been different." Id. at 690.

Following his arrest, Mr. Andre provided a statement to police indicating that petitioner offered him money in exchange for shooting at the Patel family. Trial counsel filed a motion in limine seeking the exclusion of Mr. Andre's post-arrest statements. The trial court granted the motion and ruled that the statements would be inadmissible at trial.

However, during his cross examination of Mr. Andre during trial, counsel insinuated that Mr. Andre was fabricating his testimony, and accordingly "opened the door" to the admission of Mr. Andre's prior consistent statements. Petitioner contends that trial counsel "had absolutely nothing to gain and everything to lose by suggesting that Andre's story was a recent fabrication rather than cross-

examining him on the basis of the deal he received from the state." Petitioner contends that trial counsel's performance in opening the door to the admission of Mr. Andre's post-arrest statement was constitutionally deficient.

The magistrate judge recommended that petitioner's claim be denied, noting that the state courts properly applied Strickland and determined that petitioner failed to satisfy his burden to show that counsel's cross-examination strategy constituted ineffective assistance of counsel. The Court agrees that petitioner has failed to show that trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. As petitioner is aware, it was important for trial counsel to aggressively cross-examine Mr. Andre, as his testimony directly connected petitioner to the shootings. The record indicates that trial counsel extensively sought to damage Mr. Andre's credibility. The Court agrees that, in doing so, counsel took a calculated risk that the questioning would be perceived by the trial court as opening the door to the prior consistent statements made by Mr. Andre following his arrest. However, given that Mr. Andre's prior statements were entirely cumulative of his testimony at trial, the Court cannot say that risking their admission was unsound trial strategy, especially since aggressively attacking Mr. Andre's credibility was so vital to petitioner's success at trial. Trial counsel's strategy did not constitute ineffective assistance of counsel.

### C. Request for Evidentiary Hearing

The magistrate judge denied petitioner's request for an evidentiary hearing on his ineffective assistance of counsel claim, finding that a hearing was not

necessary to resolve the issues raised by the petition. The Court agrees that the record contains all of the facts necessary to determine whether trial counsel's actions were objectively reasonable under Strickland. An evidentiary hearing would not assist the Court in the resolution of petitioner's claims. Petitioner's objection to the denial of his request for an evidentiary hearing is overruled.

III. Conclusion

Petitioner's objections to the Report and Recommendation are overruled. Petitioner has not shown that the prior adjudication of his claims in state court was contrary to, or involved an unreasonable application of clearly established federal law. Nor has petitioner shown that the state adjudication was based on an unreasonable determination of the facts in light of the evidence presented. Federal habeas relief is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Lewis M. Blanton [#17] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Manu Patel for a writ of habeas corpus [#1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2009.